IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

FISCA OIL CO., INC.,                                          Case No.: 09-21519-pp

        Debtor.

## CHAPTER 11 TRUSTEE'S FINAL REPORT AND MOTION TO APPROVE DISBURSEMENTS AND CLOSE CASE

Seth E. Dizard, Esq., in his capacity as the chapter 11 Trustee ("Trustee") in the above-captioned case, submits this Final Report and Motion to Approve Disbursements and Close Case (the "Final Report and Motion"). In support of this Final Report and Motion, the Trustee respectfully represents that:

### JURISDICTION

The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper under 28 U.S.C. § 1408. The statutory bases for the relief requested herein are 11 U.S.C. § 350 and 11 U.S.C. §§ 101-1532.

### BACKGROUND

1. On February 12, 2009 (the "Petition Date"), Fisca Oil Co., Inc. ("Fisca" or the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.

Seth E. Dizard
O'NEIL CANNON HOLLMAN DEJONG & LAING S.C.
111 E. Wisconsin Avenue, Suite 1400
Milwaukee, Wisconsin 53202-4870
Telephone: (414) 276-5000
Facsimile: (414) 276-6581
Email: seth.dizard@wilaw.com

2. Following an emergency hearing held on September 23, 2010, the Court ordered the U.S. Trustee to appoint a chapter 11 Trustee in this case. On October 18, 2010, the U.S. Trustee appointed Attorney Seth E. Dizard to serve as chapter 11 Trustee in this case and requested the Court to enter an order approving said appointment.

3. On October 20, 2010, the Court executed an order approving the appointment of Attorney Seth E. Dizard as the chapter 11 Trustee in this case.

4. Prior to appointment of the Trustee, the Debtor operated its business as a debtor in possession.

5. The Debtor had ceased all business operations prior to the Trustee's appointment and has not, at any point during the Trustee's appointment, been an operating entity.

6. When the Trustee was appointed, the estate consisted of $101,649.72 in cash held in its legal counsel's client trust account (the "Beginning Cash Balance") and eleven gas stations, none of which were operating.

7. On March 9, 2011, the Trustee opened a new bank account with Baylake Bank, and on June 20, 2011, the Trustee deposited the Beginning Cash Balance into the account.

8. The Trustee's initial review of the available finances and business operations of the Debtor revealed that the Trustee would need to retain the services of a forensic accountant to ascertain whether any proof existed of any misappropriation of funds or improper intercompany and insider transfers prior to the Trustee's appointment.

9. On April 6, 2011, the Court appointed Paul A. Rodrigues, C.P.A. and his firm Chortek & Gottschalk, LLP as accountant for the Trustee (the "Accountant").

10. The Accountant spent over 160 hours scrutinizing the available financial and business records of the Debtor and determined that no definitive findings could be made

2

regarding potential fraud or improper transfers because of the dearth of available records of the Debtor from prior to the Trustee's appointment.

11. To date, the Trustee has not been able to recover most of the Debtor's original financial, business, and operational records covering the period immediately prior to the Debtor's bankruptcy and up until the Trustee's appointment. It is believed that the records in question were left at the Debtor's place of business after the Debtor vacated its premises and that the Landlord subsequently disposed of them. Regardless, significant searching did not yield any additional records.

12. The unrecoverable business, financial, and operational records, coupled with the lack of proof of any improperly transferred assets, has tied the Trustee's hands and made it impossible to recover any additional funds of the bankruptcy estate. The Trustee has determined that any further investigations or efforts to recover any potential improperly transferred funds would waste the inadequate resources left in the bankruptcy estate and not be in the best interests of the Debtor's creditors.

13. The Debtor's two main principals are Owen H. Richelieu III and George Paul Streckmann. Mr. Streckmann filed a voluntary chapter 7 bankruptcy in the Northern District of Texas on February 16, 2012, which has since been dismissed with prejudice and without discharge. This Court found Mr. Richelieu to be *in forma pauperis*. Despite the dismissal of Mr. Streckmann's chapter 7, the Trustee has ceased further collection activity against both parties because the Trustee has determined that both parties are uncollectable and that further activity would not be in the best interests of the Debtor's creditors.

14. On May 18, 2011, the Court executed an order authorizing the Trustee to sell the eleven remaining properties comprising the bankruptcy estate, and on August 29, 2011, the Court

3

Case 09-21519-pp    Doc 444    Filed 11/08/13    Page 3 of 10

executed an Order modifying its May 18, 2011 Order authorizing the Trustee to sell the remaining properties of the Estate for the highest possible price (collectively the "Sale Orders").

15. As a result of the Sale Orders, the Trustee sold three properties, resulting in $143,035.97 in net proceeds for the bankruptcy estate after taxes, fees, and commissions.

16. After commercially reasonable efforts to sell the remaining eight properties, no offers were forthcoming. With no foreseeable sale prospects for any of the other eight properties and no other foreseeable prospects to recover any other funds, on October 12, 2012, the Trustee moved to abandon the remaining unsold properties, all legal claims, and all accounts receivable belonging to the bankruptcy estate.

17. On November 1, 2012, the Court executed an Order authorizing the Trustee to abandon all legal claims, accounts receivable, and all real property of the Estate – except it sustained the State of Ohio's objection to abandonment with respect to the property located at 2690 Fort Amanda Road, Lima, OH 4580 ("Lot 5") .

18. On February 14, 2013, after the State of Ohio withdrew its objection, the Court executed an Order authorizing the Trustee to abandon Lot 5.

19. On October 26, 2012, the Trustee finalized his review of all Proofs of Claim filed in this case and began objecting to those claims the Trustee believed improper or insufficiently substantiated.

20. The Trustee objected to the following Claims on October 26, 2012:

    (a)      Claim No. 1 by GMAC for $20,075.25
    (b)      Claim No. 3 by the IRS for $607.58
    (c)      Claim No. 5 by Citizens Electric Corp. for $0.00
    (d)      Claim No. 13 by Dominion East Ohio Gas for $349.42
    (e)      Claim No. 16 by the IRS for $131,024.00
    (f)      Claim No. 17 by the chapter 7 Trustee for Streckrich Petro Corp. for $500,000.00

21. The Trustee objected to Claim No. 18 by the Missouri Department of Revenue for $416,468.47 as a secured claim and $2,119,148.20 as an administrative claim on November 1, 2012.

22. After motions, hearings, and negotiations, the Trustee's actions resulted in the following reductions:

    (a) Claim No. 1 by GMAC was disallowed pursuant to this Court's Order dated December 17, 2012.
    (b) Claim No. 3 by the IRS was reduced to $0.00 via negotiations between the Trustee and the Internal Revenue Service.
    (c) Claim No. 5 by Citizens Electric Corp. was disallowed pursuant to this Court's Order dated December 17, 2012.
    (d) Claim No. 13 by Dominion East Ohio Gas was disallowed pursuant to this Court's Order dated December 17, 2012.
    (e) Claim No. 16 by the IRS was reduced to $0.00 via negotiations between the Trustee and the Internal Revenue Service.
    (f) Claim No. 17 by the chapter 7 Trustee for Streckrich Petro Corp. was reclassified as an unsecured subordinated late filed claim in the amount of $500,000.00 via agreement between the parties.
    (g) Claim No. 18 by the Missouri Department of Revenue was reduced from a secured and administrative claim to a single administrative claim of $84,552.69 via negotiations between the Trustee and the Missouri Departments of Revenue and Labor.

23. On June 27, 2013, this Court executed an Order establishing an administrative bar date of August 15, 2013(the "Administrative Bar Date").

24. No claims were filed after the Administrative Bar Date.

25. Via Orders dated September 20, 2013, and September 30, 2013 the Court approved the following unpaid administrative professional fees and expenses (the "Professional Administrative Claims"):

    (a) Whyte Hirschboeck Dudek S.C. as counsel for the debtor in possession in the amount of $103,811.73.
    (b) Paul A. Rodrigues, as Accountant for the Trustee in the amount of $19,772.00.

5

(c) O'Neil Cannon Hollman DeJong & Laing S.C., as counsel for the Trustee in the amount of $73,477.91.
(d) The Trustee, for expenses incurred in the amount of $3,131.10.

26. To the best of the Trustee's knowledge, all Professional Administrative Claims are final, and no further Professional Administrative Claims are pending or contemplated at this time.

27. The following administrative claims have been filed in this case and have been validated or agreed to by the Trustee (the "Remaining Administrative Claims"):

(a) Claim No. 14 of Cross Oil Company for $176,450.44 for post-petition goods delivered to the Debtor.
(b) Claim No. 21 of Energy Petroleum Company for $105,161.95 for post-petition goods delivered to the Debtor.
(c) Claim No. 18 of the Missouri Department of Revenue for $84,552.69 for post-petition taxes payable.

## THE TRUSTEE'S ACCOUNTING

28. As of the date of this Final Report and Motion, the Trustee has distributed the following amounts out of the cash assets of the Estate:

| DATE | PAYEE | AMOUNT |
|---|---|---|
| 09/28/11 | U.S. Trustee (fee) | $5,896.87 |
| 12/07/11 | International Sureties Ltd. (bond premium) | 3,125.00 |
| 04/17/12 | Chortek & Gottschalk (accountants) | 29,718.25 |
| 05/30/12 | Bank Wire Transfer fee (wire transfer from U.S. Title Guaranty Co. – escrow) | 10.00 |
| 09/04/12 | International Sureties Ltd. (bond premium) | 3,125.00 |
| 09/18/12 | U.S. Trustee (5 quarters fee) | 1,625.00 |
| 11/26/12 | U.S. Trustee (quarterly fee + late fee) | 332.38 |
| 1/23/13 | U.S. Trustee (quarterly fee) | 325.00 |
| 04/22/13 | U.S. Trustee (quarterly fee) | 325.00 |
| 07/19/13 | U.S. Trustee (quarterly fee) | 325.00 |
| 10/11/13 | International Sureties Ltd. (bond premium) | 100.00 |
| | **TOTAL** | **$44,907.50** |

6

29. As previously detailed in the chapter 11 Trustee's Report of Sale filed on September 6, 2012 (Docket No. 353) (the "Sale Report"), the Trustee sold the following properties of the Estate for a combined sale price of $196,000.00 (the "Sale Proceeds"):

    (a) Lot 1, located at 2801 W. Clay Street, St. Charles, MO 63301, for the total sale price of $45,000.00, netting the estate $3,881.02 after fees, taxes, and commissions.

    (b) Lot 2, located at RR1 Box 6, Alexandria, MO 63430, for the total sale price of $136,000.00, netting the estate $126,837.89 after fees, taxes, and commissions.

    (c) Lot 8, located at 200 Hailey Street, Sweetwater, TX 79556, for the total sale price of $15,000.00, netting the estate $12,317.06 after fees, taxes, and commissions.

30. The Trustee's Baylake Bank account currently has a balance of $199,778.19.

## MOTION TO APPROVE DISBURSEMENTS

31. The estate is not an operating business and has no hope of reorganization. The only remaining asset of the estate is the $199,778.19 currently deposited in the Trustee's Baylake Bank account (the "Remaining Cash"). The current administrative claims against the estate, including the Trustee's Compensation, total $584,490.31, plus any outstanding fees owed to the United States Trustee (the "Total Administrative Claims").

32. The Estate, based on its Total Administrative Claims as compared to its assets, is administratively insolvent.

33. The Trustee seeks the Court's authorization to distribute $21,263.59 to the Trustee as his fair and reasonable compensation under this case along with the $1,950.00 owed to the United States Trustee for Third Quarter 2013 and Fourth Quarter 2013, after accounting for the Final Disbursements (the "Remaining Fees"). The Remaining Fees will be distributed to the Trustee and United States Trustee immediately upon the completion of the Final Disbursements as outline below. In accordance with 11 U.S.C. § 326(a), this Court may allow

7

the Trustee to receive reasonable compensation for his services based on the following formula of disbursed assets of the Estate:

    (a)    25% on the first $5,000.00;
    (b)    10% on any amount in excess of $5,000.00 but not in excess of $50,000.00; and
    (c)    5% on any amount in excess of $50,000.00 but not in excess of $1,000,000.00.

34. The Trustee has, to date, disbursed $44,907.50 from the Trustee's Baylake Bank account and $52,964.03 out of the Sale Proceeds per the Settlement Statements attached to the Sale Report as Exhibits A, B, and C.

35. The total sum of all disbursements the Trustee has made or will make upon resolution of this case is $297,649.72.

36. The total commission then due the Trustee under 11 U.S.C. § 326(a) is $18,132.49, computed as follows:

    (a)    $5,000.00 * 0.25   =   $1,250.00
    (b)    $45,000.00 * 0.10  =   $4,500.00
    (c)    $247,649.72 * 0.05 =   $12,382.49

37. The Trustee requests that this Court allow his reasonable total compensation of $21,263.59 (the "Trustee's Compensation"), made up of $18,132.49 in commission and $3,131.10 in approved expenses.

38. The Trustee seeks the Court's permission to distribute the Remaining Cash less the Remaining Fees pro rata to the Remaining Administrative Claimants, who, to the best of the Trustee's knowledge, make up the entirety of the administrative claimants of the Estate (the "Final Disbursements"). The proration ratio of 176,564.60/563,226.72 is calculated by subtracting the Remaining Fees from the Remaining Cash, and dividing that amount by the sum of the Total Administrative Claims minus the Remaining Fees (the "Ratio"). The Final

8

disbursements are calculated by multiplying the Ratio by the Remaining Administrative Claimants' Final Claims.

39. The Remaining Administrative Claimants Final Claims are:

   (a) Cross Oil Company, with an administrative claim of $176,450.44.
   (b) Energy Petroleum Company, with an administrative claim of $105,161.95.
   (c) The Missouri Department of Revenue, with an administrative claim of $84,552.69.
   (d) Whyte Hirschboeck Dudek S.C., with an administrative claim of $103,811.73.
   (e) Paul A. Rodrigues, with an administrative claim of $19,772.00.
   (f) O'Neil Cannon Hollman DeJong & Laing S.C., with an administrative claim of $73,477.91.

40. As of the date of this Final Report and Motion, the Final Disbursements to the Remaining Administrative claimants, based on the above formula, will be as follows:

   (a) Cross Oil Company, with a Final Disbursement of $55,315.03.
   (b) Energy Petroleum Company, with a Final Disbursement of $32,966.97.
   (c) The Missouri Department of Revenue, with a Final Disbursement of $26,506.22.
   (d) Whyte Hirschboeck Dudek S.C., with a Final Disbursement of $32,543.69.
   (e) Paul A. Rodrigues, with a Final Disbursement of $6,198.28.
   (f) O'Neil Cannon Hollman DeJong & Laing S.C., with a Final Disbursement of $23,034.41.

**DISMISSAL OF CASE NO. 09-21519-PP AND FINAL DISBURSEMENT**

41. The estate holds no property other than the Remaining Cash and is administratively insolvent.

42. From the time the Trustee was appointed, the Debtor had no employees and did not conduct any business and is not an operating entity.

43. The Debtor does not have the capability to reorganize under chapter 11.

44. The Trustee requests that this Court enter an Order ratifying and approving the Trustee's actions and discharging the Trustee. Pursuant to 11 U.S.C. § 350, the Trustee also

9

requests that an Order be entered closing this case without discharge pending the full distribution of the assets as outlined above. Entry of this Order shall not prejudice the Trustee's right to reopen this case pursuant to 11 U.S.C. § 350(b).

45. Upon the distribution of the Remaining Cash, there will no longer be any assets owned by the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order in a form substantially similar to the proposed Order attached hereto as Exhibit A, approving the Trustee's Final Report; authorizing and approving the Trustee's 11 U.S.C. § 326(a) commission; authorizing the Trustee to disburse the remaining assets of the Estate; approving and ratifying the Trustee's actions and discharging the Trustee; closing the case; and for further relief as is just and proper.

Dated this 8th day of November, 2013.

/s/ Seth E. Dixard
Seth E. Dizard
Seth.dizard@wilaw.com
State Bar No. 1025871
Chapter 11 Trustee
O'Neil, Cannon, Hollman, DeJong & Laing S.C.
111 E. Wisconsin Ave., Suite 1400
Milwaukee, WI 53202-4870
(414) 276-5000
Fax: (414) 276-6581